KEATON *v.* MURPHY.

4-5514                                         131 S. W. 2d 625

Opinion delivered June 26, 1939.

*Boone T. Coulter,* for appellant.

*W. F. Denman, Syd Reagan, Mahony & Yocum* and *Robert C. Knox,* for appellees.

GRIFFIN SMITH, C. J. In 1919 C. H. Murphy executed an oil and gas lease to Trinity Petroleum Corporation,

retaining a one-eighth royalty. Thereafter, the land covered by the lease, and other lands; were conveyed to the Murphy Land Company, a corporation, subject to the Trinity lease.

In December, 1921, R. A. Keaton and Samuel Sebersky, trustees, purchased a one-half interest in the one-eighth royalty held by the Murphy Land Company ". . . in and to all the oil and gas in, under and upon [40 acres of the land included in the Trinity lease]," and the question presented by this appeal is,—

Did Keaton and Sebersky acquire a one-sixteenth interest in all oil and gas that might be produced from the forty acres, or were they limited to gas and oil resulting from the Trinity operations?

Necessary parts of the Keaton-Sebersky deed are printed in the margin.[1]

Keaton's interest went to Sebersky, the conveyance having been evidenced by a quitclaim deed of 1922. Keaton's wife did not join in the deed, and now insists she has never relinquished dower.

In 1937 certain parties, representing themselves as owners of all of the stock in the Murphy Land Company at the time of its dissolution in 1933, filed their petition in Union Chancery Court, asking that the Keaton-Sebersky deed be construed.

It was alleged that Trinity, April 25, 1922, executed a release of its lease; that Sebersky was a non-resident,

---

[1] The deed recited that the grantor did ". . . grant, bargain, sell and convey unto the said R. A. Keaton and Samuel Sebersky, trustees, and unto their heirs and assigns, an undivided one-half interest of the one-eighth royalty held by the Murphy Land Company in and to all the oil and gas in, under and upon the [described] lands; . . . Subject, however, to a certain oil and gas lease executed by the Murphy Land Company on the 29th day of October, 1919, unto the Trinity Petroleum Corporation on said lands which lease is recorded . . . And for said consideration it does hereby grant and convey unto the said R. A. Keaton and Samuel Sebersky, trustees, and unto their heirs and assigns, the right to collect and receive under the aforesaid lease such undivided one-half of one-eighth interest of all oil royalty and gas rentals due us or that may become due us under the aforesaid lease."

and could not be located; that plaintiffs had executed (July, 1936) a lease on the forty acres in question in favor of Phillips Petroleum Company; that the Keaton-Sebersky deed constituted a cloud on title to the property, etc. There was a decree by default. However, Sebersky later appeared and asked that the cause be redocketed. The motion was granted, and Sebersky filed demurrer, answer, and cross-complaint. Settlement was made before trial and Sebersky withdrew his pleadings. Thereupon (April, 1938) appellant intervened. The intervention was dismissed for want of equity, and from this order an appeal was taken.

It is stated in appellees' brief (and there is evidence supporting the statement) that negotiations with respect to the original transaction were carried on by Keaton and Sebersky for themselves, and by C. H. Murphy, Joe K. Mahony, A. H. Stolz, and Aylmer Flenniken, representing the Murphy Land Company. Flenniken is dead, but all of the other named parties agree that Murphy, when the deed was executed, stated he would not convey any of the oil, gas and minerals *in place*, and it was finally agreed that the deed should cover a one-half interest in the one-eighth royalty. Both Keaton and Sebersky testified that such was the intent.

We think the deed of December 3, 1921, conveyed only a one-half interest in the one-eighth royalty, and that it did not, as appellant contends, convey a one-sixteenth interest ''in and to all the oil and gas in, under and upon'' the described property. The interest conveyed is an interest in the royalty, not in the minerals in place, independent of the royalty. The words ''in and to'' relate to the oil and gas interests identified by the Trinity lease—that is, the royalty held by the Murphy Land Company and retained by C. H. Murphy when he leased to Trinity.

This construction is made doubly certain by the provisions following, as shown in the footnote.

In the view we have taken it becomes unnecessary to discuss other questions.

The decree is affirmed.