LONGINO *v.* MACHEN.

4-9259                                             232 S. W. 2d 826

Opinion delivered October 2, 1950.

*Keith & Clegg,* for appellant.

*A. R. Cheatham,* for appellee.

GEORGE ROSE SMITH, J. In 1919 S. V. Rogers and others executed to E. I. Newblock an oil and gas lease upon an eighty-acre tract. This lease was in the customary form, reserving to the lessors a one-eighth royalty in all oil and gas produced under the lease. In the following year the lessors executed and delivered to L. A. Longino a deed, the construction of which is the only question presented by this case. The appellants, Longino's heirs, contend that the effect of the 1920 deed was to convey an undivided one-fourth interest in all oil and gas underlying the tract in question. The appellees, who have acquired the title of the original lessors, interpret the deed as having conveyed merely a one-fourth interest in any royalties payable under the 1919 lease. The chancellor sustained the latter contention and accordingly canceled the deed as a cloud on the appellees' title, the lease having expired in 1924.

The deed in controversy is entitled "Sale of Royalty in Oil and Gas Lease." The granting clause recites that the grantors convey to Longino "a one-fourth undivided interest in all right, title and interest retained by us, or in any manner whatsoever owned by us, in a certain oil, gas and mineral lease dated Dec. 19, 1919, wherein the aforesaid grantors conveyed to E. I. Newblock and to their heirs, assigns and successors the oil, gas and mineral rights" underlying the eighty acres. The *habendum* clause reads in part: "To have and to hold said interest in the aforesaid royalty retained in the hereinbefore mentioned land," etc. In the acknowledgment the grantors are referred to as "grantors in the foregoing sale of royalty retained in lease of oil, gas and minerals."

The deed under consideration is unquestionably ambiguous, but we have concluded that the chancellor's construction is a more reasonable one than that suggested by the appellants. When the instrument is examined in its entirety it is seen to make three separate

references to "royalty" as being the subject of the conveyance. We are aware that this term is sometimes loosely used to mean an interest in minerals in place, but it is well settled that the ordinary and legal meaning of the term is a share of the product or profit, to be paid to the grantor or lessor by those who are allowed to develop the property. It has often been pointed out that the ordinary meaning of royalty does not include a perpetual interest in oil or gas in the ground. *Leydig* v. *Commissioner of Internal Revenues,* 10th Cir., 43 Fed. 2d 494; *Bellport* v. *Harrison,* 123 Kan. 310, 255 P. 52; *Rist* v. *Toole County,* 117 Mont. 426, 159 P. 2d 340, 162 A. L. R. 406. On two occasions we have interpreted language not wholly dissimilar to that now before us as meaning royalty payments to the lessor rather than an interest in the minerals themselves. *Keaton* v. *Murphy,* 198 Ark. 799, 131 S. W. 2d 625; *McWilliams* v. *Standard Oil Co.,* 205 Ark. 625, 170 S. W. 2d 367.

The principal argument advanced by the appellants is based on the reference in the granting clause to "all right, title and interest retained by us, or in any manner whatsoever owned by us, in a certain oil, gas and mineral lease." Counsel point out that the interest held by an oil and gas lessor is actually threefold: the surface ownership, the right to receive royalties, and a reversionary interest in the minerals in place. Summers, Oil and Gas, § 601. It is insisted that this granting clause must refer to the third of these legal interests as well as to the second. If the language were susceptible of this interpretation only then of course the granting clause would be entitled to greater weight than the title, *habendum,* or acknowledgment. But the trouble is that the granting clause is itself ambiguous. If the reversionary interest in the minerals is retained by the lessor, then is not the surface ownership also retained? As against the appellants' argument it might equally well be said that the royalty interest is alone created by the lease and retained therein by the lessor; the other two interests have belonged to the lessor all along and simply do not pass to the lessee.

Since the granting clause is not so clear as to be controlling we look to other provisions of the deed to aid us in determining the intention of the parties. The three references to royalty, as well as the explicit designation of the particular lease from which the royalty is to be derived, leave no doubt that the appellees' interpretation is to be preferred. When we realize how easily the parties might have conveyed an interest in the minerals by the execution of an ordinary mineral deed we do not feel justified in saying that instead they sought to accomplish the same result by the cumbersome and roundabout method now urged by the appellants.

Affirmed.