Davis *v.* Collins.

4-9678                                     245 S. W. 2d 571

Opinion delivered February 4, 1952.

A. R. *Cheatham* and *Harry C. Steinberg,* for appellant.

*Melvin T. Chambers,* for appellee.

WARD, J. On March 31st, 1923, appellants, J. L. and Mary A. Jolley, executed and delivered to appellee, S. A. Collins, a warranty deed conveying the west half of the northeast quarter of section 32, township 19 south, range 18 west, containing 80 acres more or less. The deed was regular in every way except that immediately after the description appeared the following which, for convenience, we designate paragraph A:

"It is agreed and understood by the parties herein that the grantors herein have leased the Northwest Quarter of the Northeast Quarter of the above described land for oil and gas purposes to Hosey and McDonald and in said lease to said Hosey and McDonald grantors have reserved the usual one eighth royalty of all mineral

rights in and to the Northwest Quarter of the Northeast Quarter, and grantors hereby convey unto Grantee herein one half of the royalty reserved by grantors in their leases to the said Hosey and McDonald, the same being one sixteenth interest in all the oil, gas and minerals, of whatsoever nature that may be produced from the above described Northwest Quarter of the Northeast Quarter of Section 32, Township 19 South, Range 18 West.''

Immediately after the above appears the following which we designate paragraph B:

''And it is further agreed and understood between the grantors and grantee herein that the grantors reserve a one sixteenth interest of all oil, gas and other mineral rights in and to the above described Southwest Quarter of the Northeast Quarter.''

On May 8, 1929, the grantors in the deed mentioned above executed to Ruth Gibson [now Ruth Gibson Davis], one of the appellants, a mineral deed, containing warranties, in which, for a consideration of $200, they conveyed an undivided one-half interest in and to all of the oil, gas and other minerals in and under the northwest quarter of the northeast quarter of said section. On April 10, 1930, Mrs. Davis executed a similar deed to appellants, J. E. and Mamie Coleman, conveying an undivided one thirty-second part of all oil, gas and other minerals in and under the same forty acres.

On August 5, 1929, Mr. and Mrs. Jolley executed to appellant, Harry C. Steinberg, a mineral deed similar to the one made to Ruth Gibson conveying an undivided one-eighth interest in the oil, gas and other minerals in and under the same forty acres.

This suit was filed in January, 1950, by appellee to cancel the above mentioned mineral deeds as a cloud on his title. Ruth Gibson Davis asked that plaintiff's complaint be dismissed or, in the event the said mineral deeds were cancelled, that she be given judgment against Mr. and Mrs. Jolley on the warranty contained in her deed. The decree of the lower court cancelled the mineral deeds and gave judgment to Mrs. Davis.

It is appellants' contention that paragraph A of the deed, copied above, from Mr. and Mrs. Jolley to appellee constituted a reservation in the grantors of one-half of the royalty interest in the oil, gas and other minerals, and that, consequently, they [Jolley and Jolley] had the right to execute the mineral deeds to appellants as set out above. In support of this contention, Jones on Titles [page 231] is cited for the rule that in the construction of a deed, like any other contract, it is the duty of the court to ascertain, if possible, the intention of the parties, and to try to make all parts harmonize. This is substantially the rule as it has been announced by our court many times, beginning with *Beasley* v. *Shinn*, 201 Ark. 31, 144 S. W. 2d 710. The above rule, however, is operative only when there is some conflict between the granting clause and some other portion in a deed, or at least where ambiguity exists.

Here it is difficult to see how any actual conflict exists between the granting clause and paragraph A when it is carefully read. It states three things: (a) that Jolley and Jolley had [formerly] executed an oil and gas lease to Hosey and McDonald; (b) that they [Jolley and Jolley] had in said lease reserved the usual one-eighth royalty; and (c) that they [Jolley and Jolley] convey unto the grantee therein [S. A. Collins] one-half of the said reserved royalty. Thus it is seen that Jolley and Jolley actually reserved no minerals or mineral rights but merely reserved [if it can be said that they reserved anything] the right to collect one-half of the one-eighth of any oil, gas or minerals that might be produced under the lease to Hosey and McDonald. As held in *Gearhart* v. *McAlester Fuel Company*, 199 Ark. 981, 136 S. W. 2d 679, the lease to Hosey and McDonald conveyed no fee but merely the *right* to produce oil, gas and minerals during the life of the lease. Consequently the warranty deed from Jolley and Jolley to appellee conveyed all oil, gas and minerals subject only to the grantors *right* to collect a one-eighth royalty. Here the said oil and gas lease had expired and likewise the Jolleys' right [to collect royalties] had expired, so this left the fee [to all oil, gas and minerals] in appellee.

If, however, it be conceded that some ambiguity exists when the granting clause is read in connection with paragraph A then we must apply the rule announced above and consider the deed from all four corners. In doing this we must of course consider paragraph B although it does not pertain to land involved in this suit. Paragraph B uses appropriate language whereby Jolley and Jolley did reserve a one-sixteenth interest in all oil, gas and other minerals in the land therein mentioned. The only conclusion we can draw from this is that the grantors [Jolley and Jolley] knew how to use appropriate language to effect a valid reservation but knowingly failed to do so. The language in paragraph B is in striking contrast with that used in paragraph A which refers to *royalty* rights, except that in the very last phrase these words are employed: ". . . the same being one-sixteenth interest in all the oil, gas and minerals of whatsoever nature that *may be produced* from the above described Northwest Quarter of the Northeast Quarter. . . ." The latter language could only refer to royalty rights.

As indicated above, Jolley and Jolley actually did not, in express words, *reserve* anything in paragraph A but if it be conceded they meant, by conveying "one half of the royalty" to reserve a one-half, it still would avail them nothing because all royalty rights expired when the lease itself expired. As held in *Longino et al.* v. *Machen et ux.*, 217 Ark. 641, 232 S. W. 2d 826, a conveyance of a royalty right is not a conveyance in fee. It must follow of course that a reservation of a royalty right is not a reservation of a fee.

The decree of the lower court cancelling the mineral deeds as clouds on appellee's title and giving appellant, Ruth Gibson Davis, judgment against J. L. Jolley and Mary A. Jolley, is affirmed.