Lanny Eugene BOSNICK and Sharon L. BOSNICK
*v.* Jackie HILL, Stephen HILL, Verna C. METZLER
and George F. METZLER

86-292                                          731 S.W.2d 204

Supreme Court of Arkansas
Opinion delivered June 22, 1987

506

*Daggett, Van Dover, Donovan & Cahoon*, by: *Robert J. Donovan*, for appellant.

*Butler, Hicky, Hicky & Routon, Ltd.*, for appellee.

TOM GLAZE, Justice. This case involves a warranty deed of conveyance and raises one issue: Is the grantee-covenantee entitled to recover his costs and expenses from his grantor-covenantor when the covenantee successfully defends or asserts his title against a third party's claim of adverse possession? We conclude he is so entitled and reverse the chancellor's holding to the contrary.

Appellees, George and Verna Metzler, conveyed by general warranty deed certain acreage to appellants, Larry and Sharon Bosnick. Upon the Bosnicks' attempt to clear some of their newly-acquired acreage, the Bosnicks were informed by appellee, Stephen Hill, that Hill claimed 2.72 acres of it. After learning of Hill's claim, the Bosnicks notified the Metzlers to take whatever action that was necessary to place the Bosnicks in possession of the disputed property. The Metzlers refused, so the Bosnicks brought this suit against Hill for possession of the property and against the Metzlers for their breach of warranty. The Metzlers answered, denying any duty or liability to the Bosnicks, and Hill counterclaimed, alleging that he had acquired the 2.72 acres by adverse possession and that the title to this disputed parcel should be quieted in him. The Bosnicks prevailed in their suit against Hill, but the chancellor held they were not entitled to recover their costs and expenses against the Metzlers because of their refusal to defend or assert title to the disputed property against Hill. In sum, the chancellor held that the Bosnicks could have recovered their costs and damages only if their title and possession to the property had been defeated. In considering the correctness of the chancellor's studied opinion, we first review the law pertaining to covenants of warranty and, particularly, that which relates to the covenant of seisin.

The Metzlers warranted the title by the statutory

warranty conveyed in the terms "grant, bargain and sell," and specially covenanted that they would "defend the title to the said lands against all claims whatever." *See* Ark. Stat. Ann. § 50-401 (Repl. 1971) (all lands transferred by deed by use of the words grant, bargain and sell shall be an express covenant to the grantee, his heirs and assigns that the grantor is seized of an indefeasible estate in fee simple, free from encumbrance done or suffered from the grantor). As this court noted in *Dillahunty v. Railway Co.*, 59 Ark. 629, 27 S.W. 1002 (1894), a covenant of warranty is implied by virtue of our statute, and the general rule is that, in order to recover for breach of such a covenant, an eviction, either actual or constructive, must be alleged and proven.[1] *See also Smiley v. Thomas*, 220 Ark. 116, 246 S.W.2d 419 (1952); *Van Bibber v. Hardy*, 215 Ark. 111, 219 S.W.2d 435 (1949); *Fels v. Ezell*, 183 Ark. 229, 35 S.W.2d 359 (1931); *Belleville Land & Lumber Company v. Griffith*, 177 Ark. 170, 6 S.W.2d 36 (1928); *Carpenter v. Carpenter*, 88 Ark. 169, 113 S.W. 1032 (1908); *Collier v. Cowger*, 52 Ark. 322, 12 S.W. 702 (1889). The covenant in issue here is one of seisin, which is a covenant that is broken as soon as made, if the grantor has not the possession, the right of possession and the complete title. *Seldon v. Dudley E. Jones Co.*, 74 Ark. 348, 85 S.W. 778 (1905). *See also Fitzhugh v. Crogham*, 2 J.J. Marsh; Ky. 429, 19 Am. Dec. 139 (1829); 3 E. Washburn, *Real Property* § 2382 (6th ed. 1902); *Lakelands, Inc. v. Chippewa & Flambeau Improvement Co.*, 237 Wis. 326, 295 N.W. 919 (1941).[2]

In view of the language in *Seldon, supra*, the Bosnicks contend Hill, not the Metzlers, had possession of 2.7 acres of the acreage deeded the Bosnicks, and Hill's possession and asserted claim of title was a breach of the Metzlers' covenant of seisin upon which the Bosnicks were entitled to recoup their litigation costs and expenses in successfully acquiring possession to the disputed land. To further support their position, the Bosnicks cite the

---

[1] While § 50-401 was amended in 1917, the court in *Dillahunty* had the same relevant statutory provision before it as we do now.

[2] We note that at least one legal authority raises some doubt as to whether the mere fact that the land is in another's possession constitutes a breach of the covenant of seisin, but after raising that doubt, it proceeded to cite only cases where such possession was held a breach. 4 H. T. Tiffany, *The Law of Real Property* § 1000 (1975).

following:

> "One suing for the breach of a covenant of title is not confined in his recovery of costs and expenses to such as are incident to actions in which he defends the title to the land conveyed to him, but he may also recover cost and expenses incurred in proceedings which he has been forced to institute to protect the title supposed to have been conveyed. Thus, where a covenant of a deed is broken by reason of a defect of title, the grantee, at least where he meets requirements as to notice to, and demand upon, the grantor, may, according to some courts, himself prosecute a suit to correct the title, and, where successful, may recover of the grantor the necessary expenses thereof. Also, according to some courts, where third persons are in possession of the land conveyed and the grantee is forced to resort to legal proceedings, such as an ejectment suit, to gain possession, he may recover the expenses of such suit when he sues for breach of covenant, *if such outstanding possession was in fact a breach of a covenant of the deed.*" (Emphasis supplied).

20 Am.Jur.2d, *Covenants, Conditions and Restrictions* § 153 (1965).

The issue evolves, then, to whether Hill's possession of the disputed parcel of 2.7 acres was a breach of the Metzlers' covenant of seisin to the Bosnicks. The language the court used in *Seldon* v. *Dudley E. Jones Co., supra*, would indicate such a breach occurred. That conclusion was reached and very well addressed in *Lakelands, Inc., supra*, wherein the Wisconsin court, quoting in part from 3 Washburn, *supra*, related with approval the law which we believe controls here:

> 'The authorities seem to be uniform . . . that if the grantor has no possession of land . . . where he undertakes to convey it by deed and entered into a covenant of seisin therein . . . this covenant is broken at once.' One can wade in the sea of adjudicated cases in order to discover what is meant by the word "seisin" until he is totally submerged and lost. But it seems clear, as matter of common sense, that a covenant of seisin implies that the covenantor is in possession of the land conveyed and all of it, and that if any

> one is actually in possession claiming adversely to the covenantor, the covenant of seisin is broken, no matter by what right he so claims, and no matter whether his claim is lawful or unlawful, and in any such case the grantee is as much entitled to recover the cost and expense of ejecting him as he would be entitled to those items in unsuccessfully defending his title if he were himself sued in ejectment. In either case he is endeavoring to vindicate his rights under his warranty. If in its suit the adverse claimant, Ilg, had prevailed the plaintiff would be entitled to his costs and attorney's fees herein, under nearly all of the adjudicated cases. 14 Am.Jur. sec. 141, p. 574. It would seem strange indeed if it could recover them if it had failed in that suit, but could not recover them if it prevailed.

237 Wis. at 342, 295 N.W. at 926.

We believe the logic and reasoning in *Lakelands, Inc.* is sound and has unquestionable application to the facts here. While the chancellor held Hill had not fully satisfied the time requirements to support his adverse claim, the chancellor determined that, at the time the Metzlers conveyed the property to the Bosnicks, Hill had fenced 2.7 acres of the property and had run cattle on it for at least three years prior to when this suit was commenced. The Bosnicks were compelled to bring this action to gain possession of the disputed parcel claimed by Hill. Accordingly, the Metzlers are therefore obligated to pay the costs and expenses reasonably incurred by the Bosnicks for their successful efforts in vindicating their rights under the covenant of seisin given them by the Metzlers.

We reverse and remand with directions to award the Bosnicks their costs and expenses, consistent with this opinion.