Helen MURCHIE v. Lester HINTON, et al.

CA 92-671                                      848 S.W.2d 436

Court of Appeals of Arkansas
Division I
Opinion delivered March 3, 1993
[Rehearing denied March 31, 1993.]

*Jeff R. Conner*, for appellant.

*Coffelt, Burrow & Sawyer*, by: *Stephen P. Sawyer*, for appellee.

JOHN B. ROBBINS, Judge. This action arose out of a property line dispute between appellant Helen Murchie and her neighbors, Edward and Juanita Foster. Appellant filed a third-party complaint against appellees Lester Hinton and Thelma Hinton seeking damages for their failure to defend appellant's title in the dispute. The chancellor found against the appellant on her third-party action and she appeals. We hold that appellant is entitled to recover the reasonable costs of defending her title, and reverse.

Appellant purchased her property from appellees in September 1989. The following July the Fosters filed their petition against appellant seeking ejectment and a temporary restraining order. They alleged that appellant was encroaching onto a portion of their adjacent lot. The trial court entered a temporary restraining order prohibiting appellant from interfering with the Fosters' use and enjoyment of their property, including the disputed strip, and prohibiting appellant from interfering with any construction, grading, or landscaping, or other use of the land. This restraining order was later modified to prohibit either party from continuing any work on the disputed property.

In August 1990, appellant notified appellees by certified mail of the Fosters' ejectment suit and asked that they defend the action. The appellees had specifically covenanted in their warranty deed to appellant that they would "forever warrant and defend the title to the said lands against all claims whatever." Appellees refused to take any action to defend the title, and appellant subsequently filed a third-party complaint against them for damages sustained in defending the ejectment action.

At the trial on the merits of the ejectment action, appellant prevailed. The court, however, denied appellant's request for fees and costs against the appellees. The court reasoned that the Hintons had fulfilled their obligation by appearing and putting on testimony at the trial. It is from the denial of fees and costs that appellant appeals.

The deed of conveyance from appellees to appellant contained the words "grant, bargain, sell, and convey" in its granting clause. These words constitute:

> an express covenant to the grantee, his heirs, and assigns that the grantor is seized of an indefeasible estate in fee simple, free from encumbrance done or suffered from the grantor, except rents or services that may be expressly reserved by the deed, as also for the quiet enjoyment thereof against the grantor, his heirs, and assigns and from the claim and demand of all other persons whatever, unless limited by express words in the deed.

Ark. Code Ann. § 18-12-102(b) (1987).

In *Bosnick* v. *Metzler*, 292 Ark. 505, 731 S.W.2d 204 (1987), the supreme court held that a grantee-covenantee was entitled to recover his costs and expenses from his grantor-covenantor when the covenantee successfully defended or asserted his title against a third-party's claim of adverse possession. The court also recognized the general rule that in order to recover for breach of such a covenant there must be an actual or constructive eviction. Here, the appellant was actually evicted from a portion of her lot by the temporary restraining order entered by the trial court on July 27, 1990. This eviction continued until the conclusion of the final hearing on November 21, 1991. Consequently, under the statutory warranty and pursuant to the court's holding in *Bosnick*, appellant was entitled to recoup her litigation costs and expenses in successfully defending the Fosters' suit and recovering possession of the disputed portion of her lot.

The warranty deed involved in *Bosnick* also contained a special covenant that the grantors would "defend the title to the said lands against all claims whatever." *Id.* at 507, 731 S.W.2d at 205. The court did not discuss this covenant in its opinion, nor apparently rely on it in holding that the grantors were responsible for the grantees' costs and expenses. The supreme court has previously held, however, that "the law is settled that, under a covenant to warrant and defend title, the covenantee is entitled to recover the cost and necessary expenses incurred in the bona fide defense or assertion of the title, including a reasonable attorney's fee." *Arkansas Trust Co.* v. *Bates*, 187 Ark. 331, 336, 59 S.W.2d

1025, 1027 (1933). Appellees' specific covenant to warrant and defend provides an additional basis for their duty to reimburse appellant for her costs and attorney's fees incurred in defending the Fosters' action.

The trial court concluded that appellees fulfilled their obligation to defend appellant's title by appearing and participating at the trial. However, when appellant requested that they defend for her soon after she was sued by the Fosters, they failed to do so. They answered appellant's third-party action by denying that they were subject to a covenant to defend appellant's title. We hold that their eventual participation at the trial falls short of their duty to defend and the trial court erred in so ruling.

Appellees suggest that appellant is seeking to recover attorney's fees and costs for collateral litigation which would not be recoverable, and that no fees may be awarded a covenantee in an action against the covenantor for breach of warranty. While appellant's third-party action against appellees would be considered collateral, the underlying ejectment action brought by the Fosters is clearly a direct attack on appellant's title and right to possession, and damages related to defending the title are recoverable. *Bosnick* v. *Metzler, supra.* As to appellant's entitlement to her attorney's fees and costs incurred in her third-party action against appellees, we acknowledge that the supreme court held in *O'Bar* v. *Hight,* 169 Ark. 1008, 277 S.W. 533 (1925), that a covenantee could not recover attorney's fees from the covenantor in an action for breach of warranty. Were it not for Act 800 of 1989, this would continue to be the rule. However, Act 800 amended Act 519 of 1987 to permit a trial court to allow a reasonable attorney's fee to the prevailing party in an action for breach of contract (codified, as amended, at Ark. Code Ann. § 16-22-308 (Supp. 1991)). A warranty deed should be considered a contract between a grantor and his grantee who has accepted it. For a review of cases where the supreme court has referred to deeds as being contracts see *Schnitt* v. *McKellar,* 244 Ark. 377, 382, 427 S.W.2d 202, 206 (1968); *Black* v. *Been,* 230 Ark. 526, 528, 323 S.W.2d 545, 547 (1959); *Davis* v. *Collins,* 219 Ark. 948, 951, 245 S.W.2d 571, 572 (1952); *Jackson* v. *Lady,* 140 Ark. 512, 523, 216 S.W. 505, 508 (1919). *See also Parker* v. *Carter,* 91 Ark. 162, 167, 120 S.W. 836, 838 (1909). Consequently, the trial court may allow appellant a reasonable attorney fee for that

portion of appellant's attorney's fees attributable to prosecution of her third-party action against appellees. While we require an award of attorney's fees and costs to appellant for defending Fosters' claim after she notified appellees of their suit, an award for appellant's attorney fees for prosecuting the third-party action against appellees is discretionary with the trial court. Ark. Code Ann. § 16-22-308. The case must be remanded to the trial court for these determinations.

Reversed and remanded.

MAYFIELD and ROGERS, JJ., agree.