SLIP OPINION

Cite as 2016 Ark. 182

# SUPREME COURT OF ARKANSAS

No. CV–15–557

| | |
|---|---|
| GEORGE M. STOKES, SR.<br>APPELLANT<br><br>V.<br><br>MASON F. STOKES<br>APPELLEE | Opinion Delivered April 28, 2016<br><br>APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT [NO. CV-10-127]<br><br>HONORABLE RUSSELL ROGERS, JUDGE<br><br>AFFIRMED IN PART; REVERSED IN PART. |

**HOWARD W. BRILL, Chief Justice**

This appeal arises from a dispute between a father and his son over the ownership of Chicot County farmland. The father, appellant George M. Stokes, Sr. ("George"), appeals an order of the Chicot County Circuit Court, denying and dismissing George's motion to set aside title in the farmland and awarding attorney's fees to his son, appellee Mason F. Stokes ("Mason"). For reversal, George argues that the circuit court erred (1) by denying his constitutional right to trial by jury, (2) by ruling that a 1999 warranty deed was valid, (3) by ruling that no genuine issue of material fact existed as to a 2009 quitclaim deed, and (4) by awarding attorney's fees to Mason. Pursuant to Arkansas Supreme Court Rule 1–2(d) (2015), this case was transferred from the court of appeals to this court because it involves an issue concerning the interpretation of the Arkansas Constitution. We affirm in part and reverse in part.

I. *Facts*

In the 1970s, George and his wife, Penelope, acquired farmland in Chicot County. During the 1990s, their son, Mason, requested that some of the farmland be placed in his name. On April 12, 1999, George and his wife transferred ownership of the Chicot County farmland to Mason and George II, Mason's son, as tenants in common by warranty deed. George recorded the deed on September 27, 1999. After executing the warranty deed, Mason and George II appointed George as their power of attorney to transact business on their behalves. On April 13, 2000, George recorded the power of attorney.

In 2007, Mason and George II revoked the power of attorney and recorded their revocations with the Chicot County Circuit Clerk. Subsequently, George became concerned about Mason's personal life, health, and stability. In October 2009, George executed and recorded a quitclaim deed, transferring the disputed farmland in Chicot County back to himself by purporting to act as the power of attorney for Mason and George II.

On November 16, 2010, Mason and George II filed a petition to quiet title to the farmland.[1] Specifically, Mason sought to set aside the 2009 quitclaim deed and to recover damages for conversion, fraud, and negligence. His prayer for relief included immediate injunctive relief, the appointment of a receiver to manage the property, and the recovery of rents and government payments on an unjust-enrichment basis. George filed a counterclaim seeking to set aside the 1999 warranty deed. On August 22, 2012, the circuit court entered

---

[1]The circuit court later granted a joint motion to dismiss George II, a minor. For this reason, we will refer only to Mason.

an order granting partial summary judgment and found that Mason's power of attorney had been effectively revoked in July 2007; that the 2009 quitclaim deed was void because George had transferred the land to himself based on an ineffective power of attorney; and that the 1999 warranty deed was unambiguous and not subject to the parol-evidence rule.

The circuit court reserved ruling on George's counterclaim and later denied it. In a letter order, the circuit court wrote,

> [George] executed a warranty deed to his son and grandson, in what he admitted was an attempt to avoid probate of at least some of his estate and to avoid or evade some possible estate tax. When he did not die [from a stroke] as he contemplated, he wanted to undo it all[,] . . . and at the end of the ten years [after executing his warranty deed] he wanted to renege on the transaction through a half bogus and half revoked power of attorney. . . . [He] has failed to prove any grounds for setting it aside.

The circuit court entered an order, ruling that the 1999 warranty deed was a valid deed and transferred a one-half interest in the farmland to Mason; that George failed to prove any grounds for setting aside the 1999 warranty deed; that his counterclaim was denied and dismissed. The court found that Mason and George each owned an undivided one-half interest in the farmland as tenants in common. The court authorized distribution of one-half of the crop income to Mason. On January 26, 2015, the circuit court entered a final decree ordering distribution of the crop proceeds. George timely filed a notice of appeal.

Mason filed a motion for attorney's fees seeking fees and costs in the amount of $63,021.81 pursuant to Arkansas Code Annotated section 16–22–308 (Repl. 1999). The circuit court found that the fee request was reasonable but that a portion of the fees was caused by Mason's own actions, and as a result, the circuit court reduced the fee request by

SLIP OPINION

one-third and awarded Mason $41,972.52. George filed a timely notice of appeal.

## II. *Law and Equity*

For his first point on appeal, George argues that the circuit court impaired his constitutional right to a trial by jury by adjudicating the equitable claims before the legal claims. Specifically, George had filed a demand for jury trial on "all pending legal claims prior to final determination of Plaintiffs' equitable claims."[2]

The applicable standard of review is that any claim to a jury trial is reviewed de novo on appeal. *First Nat'l Bank of DeWitt v. Cruthis*, 360 Ark. 528, 203 S.W.3d 88 (2005). The first Arkansas Constitution of 1836 stated that the right to trial by jury "shall remain inviolate." The four subsequent constitutions continued that guarantee with the addition of the term, "cases at law." This court has held that the Arkansas Constitution does not assure the right to a jury trial in all possible instances; rather, it is reserved to those cases where the right to a jury trial existed when the Arkansas Constitution was framed. *See Baptist Health v. Murphy*, 2010 Ark. 358, 373 S.W.3d 269. The constitutional right to a jury trial does not extend to a case in equity. *S. Farm Bur. Cas. Ins. Co. v. Tallant*, 362 Ark. 17, 207 S.W.3d 468 (2005). The right to a jury trial extends only to those cases that were subject to trial by jury at the common law. *Id*. In Arkansas, this court looks to the historical nature of

---

[2]At the circuit court and to this court, George cites *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962), for the proposition that legal claims should be tried first in order to preserve the party's constitutional right to a trial by jury. However, Amendment VII to the United States Constitution guaranteeing a jury trial is not binding on state courts. *Crawford v. Cashion*, 2010 Ark. 124, 361 S.W.3d 268; *Colclasure v. Kansas City Life Ins. Co.*, 290 Ark. 585, 720 S.W.2d 916 (1986). Accordingly, federal decisions on the right to a jury trial have little or no persuasive authority.

the claim to determine whether a trial by jury is warranted.

Amendment 80 to the Arkansas Constitution merged the chancery and circuit courts. *See Cruthis*, 360 Ark. 528, 203 S.W.3d 88.[3] We have stated that amendment 80 did not alter the jurisdiction of law and equity; it only consolidated jurisdiction in the circuit courts. *See id*. It did not alter or expand a party's right to trial by jury. *See, e.g.*, *Nat'l Bank of Ark. v. River Crossing Partners*, 2011 Ark. 475, 385 S.W.3d 754. Our opinions since 2001 have affirmed the historical test by looking to the remedies sought in the complaint. *See River Crossing Partners*, 2011 Ark. 475, 385 S.W.3d 754 (reversing the circuit court and holding that foreclosure, equitable-lien, and fraudulent-transfer claims should have been submitted to the judge); *Ludwig v. Bella Casa, LLC*, 2010 Ark. 435, 372 S.W.3d 792 (reversing and remanding a portion of the circuit court's decision to send an equitable claim of nuisance to the jury and to reserve for itself the question of whether to grant an injunction); *Baptist Health*, 2010 Ark. 358, 373 S.W.3d 269 (holding that the circuit court properly heard equitable matters of declaratory judgment and injunctive relief); *In re Estates of McKnight v. Bank of Am., N.A.*, 372 Ark. 376, 277 S.W.3d 173 (2008) (holding no right to jury trial in probate proceedings);

---

[3]When Arkansas had separate courts of law and equity, the clean-up doctrine provided that a court of chancery or equity could obtain jurisdiction over matters not normally within its purview. *Douthitt v. Douthitt*, 326 Ark. 372, 930 S.W.2d 371 (1996). The clean-up doctrine provides that, once a court of equity acquires jurisdiction over a case, it may decide all other issues, legal or equitable. *Colclasure*, 290 Ark. 585, 720 S.W.2d 916 (1986). Since amendment 80 was enacted, the clean-up doctrine has disappeared because any circuit court now has subject-matter jurisdiction to hear all justiciable matters not assigned elsewhere, and it has the power to grant all remedies to the parties before it. *See* McDaniel, Charles Dr., Jr., *First National Bank of Dewitt v. Cruthis: An Analysis of the Right to a Jury Trial in Arkansas after the Merger of Law and Equity*, 60 Ark. L. Rev. 563 (2007).

*Tallant*, 362 Ark. 17, 207 S.W.3d 468 (holding that the equitable principle of subrogation was properly decided by the circuit court); *Cruthis*, 360 Ark. 528, 203 S.W.3d 88 (holding that the circuit court erred in submitting the issue of an equitable lien to the jury).

Traditionally, setting aside a deed has been an equitable remedy in Arkansas. *Wood v. Swift*, 244 Ark. 929, 428 S.W.2d 77 (1968). Additionally, an accounting is an equitable remedy. *In re Estates of McKnight*, 372 Ark. 376, 277 S.W.3d 173. Likewise, injunctive relief and the appointment of a receiver are equitable in nature. In this instance, the circuit court properly disposed of both issues—setting aside the deed and an accounting of the farm expenses—as equitable claims. Therefore, the right to a jury trial did not attach. Thus, we conclude that the circuit court properly adjudicated the claims.

### III. *Warranty Deed*

For his second point on appeal, George argues that the circuit court erred in validating the 1999 warranty deed.

The relevant facts pertaining to George's argument are as follows. The 1999 warranty deed states that consideration was "for . . . the sum of Ten Dollars ($10.00) and the job as farm manager for ten (10) years, or until death." However, George later sought to set aside the 1999 warranty deed by offering evidence of additional consideration that was not contained in the 1999 warranty deed. After considering the evidence, the circuit court granted partial summary judgment:

> 3. That the warranty deed executed by George M. Stokes, Sr. and Penelope Stokes (now deceased) on April 12, 1999 and recorded on September 27, 1999, transferring the disputed farm land in Chicot County to Mason Stokes and George M. Stokes, II, as tenants in common, is hereby found to be

unambiguous, and not subject to parol evidence as to its meaning.

The circuit court also ruled that "the claims of George M. Stokes, Sr., regarding consideration for, and delivery of, the 1999 warranty deed pursuant to his counterclaim" would be determined in a bench trial. Subsequently, the circuit court denied and dismissed George's counterclaim and ruled that the warranty deed was a valid deed.

Because the circuit court disposed of George's counterclaim concerning the 1999 warranty deed after trial, our standard of review on appeal is whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence. *Cochran v. Bentley*, 369 Ark. 159, 251 S.W.3d 253 (2007); Ark. R. Civ. P. 52(a). We view the evidence in the light most favorable to the appellee, resolving all inferences in favor of the appellee. *McQuillan v. Mercedes-Benz Credit Corp.*, 331 Ark. 242, 961 S.W.2d 729 (1998). Disputed facts and determinations of the credibility of witnesses are within the province of the fact-finder. *Cochran*, 369 Ark. 159, 251 S.W.3d 253.

The parol-evidence rule prohibits introduction of extrinsic evidence, parol or otherwise, which is offered to vary the terms of a written agreement. *First Nat'l Bank v. Griffin*, 310 Ark. 164, 832 S.W.2d 816 (1992). It is a substantive rule of law rather than a rule of evidence. *Id.* Its premise is that the written agreement itself is the best evidence of the intention of the parties. *Id.* A general proposition of the common law is that in the absence of fraud, accident, or mistake, a written contract merges, and thereby extinguishes, all prior and contemporaneous negotiations, understandings, and verbal agreements on the same subject. *Id.* Application of the parol-evidence rule is confined to the parties of the contract

SLIP OPINION

SLIP OPINION

and does not preclude a stranger from introducing parol evidence for the purpose of varying a written contract. *Rainey v. Travis*, 312 Ark. 460, 850 S.W.2d 839 (1993).

Here, George's 1999 warranty deed was complete on its face, unambiguous, and conveyed the farmland to Mason. We agree with Mason's contention that any additional evidence—George's power of attorney and alleged authorization to retake title of the farmland, which George claims was a condition precedent to the deed—took place after the 1999 conveyance. Further, George's recording of the 1999 warranty deed, which he drafted himself, raises a presumption of delivery to Mason. *See, e.g., Parker v. Lamb*, 263 Ark. 681, 567 S.W.2d 99 (1978). Thus, we conclude that the circuit court did not err on this point.

IV. *Quitclaim Deed*

For his third point on appeal, George argues that the circuit court erred in granting partial summary judgment and, specifically, in ruling that the 2009 quitclaim deed was void. George maintains that the record demonstrated a genuine issue of material fact on Mason's power of attorney and on his "right to re-take title to the property."

The law is well settled regarding the standard of review used by this court in reviewing a grant of summary judgment. *Quarles v. Courtyard Gardens Health & Rehab., LLC*, 2016 Ark. 112. A circuit court will grant summary judgment only when it is apparent that no genuine issues of material fact exist requiring litigation and that the moving party is entitled to judgment as a matter of law. *Id.* Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* In reviewing a grant of summary

8

judgment, an appellate court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Id.* We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.*

This court has held that a person holding a power of attorney has a fiduciary duty to the principal. *Dent v. Wright*, 322 Ark. 256, 909 S.W.2d 302 (1995). In *Duke v. Shinpaugh*, 375 Ark. 358, 290 S.W.3d 291 (2009), Duke purported to use a power of attorney to execute a deed from Shinpaugh to herself. Upon a petition to set aside the deed, the circuit court set aside the deed and found (1) that the power of attorney signed by Shinpaugh was void because he had been under the undue influence of Duke; and (2) that even if the power of attorney had been valid, Duke had exceeded her authority granted under the terms of the power of attorney in conveying certain property to herself and that she had breached her fiduciary duty not to engage in self-dealing. Because Duke did not challenge both independent grounds for setting aside the deed, we affirmed the circuit court's ruling. *Id.*

The instant case presents facts similar to those in *Duke*. Here, the circuit court found the quitclaim deed "void and of no effect" because the power of attorney had been revoked, and ultimately, the circuit court denied George's counterclaim. Based on the evidence, George failed to provide proof with proof in demonstrating the existence of a material issue of fact. He did not offer evidence that (1) he held a valid power of attorney to execute the quitclaim deed, and (2) even if the power of attorney was valid, he did not breach his

fiduciary duty by executing the 2009 quitclaim deed and by transferring the farmland back to himself. Thus, we cannot say that the circuit court erred in granting summary judgment and in ruling that the 2009 quitclaim deed was void.

## V. *Attorney's Fees*

For his fourth point on appeal, George argues that the circuit court erred in awarding attorney's fees to Mason pursuant to Arkansas Code Annotated section 16-22-308.

This court follows the American rule, which requires every litigant to bear his or her attorney's fees absent statutory authority or a contractual agreement between the parties. *Carter v. Cline*, 2013 Ark. 398, 430 S.W.3d 22; *Griffin v. First Nat'l Bank of Crossett*, 318 Ark. 848, 888 S.W.2d 306 (1994); *Damron v. Univ. Estates, Phase II, Inc.*, 295 Ark. 533, 750 S.W.2d 402 (1988). Enacted in 1987, Arkansas Code Annotated section 16-22-308 permits an award of fees to a prevailing party in certain civil actions:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

This court has stated that a warranty deed should be considered a contract between a grantor and a grantee. *See Schnitt v. McKellar*, 244 Ark. 377, 382, 427 S.W.2d 202, 206 (1968); *Black v. Been*, 230 Ark. 526, 528, 323 S.W.2d 545, 547 (1959); *Davis v. Collins*, 219 Ark. 948, 951, 245 S.W.2d 571, 572 (1952); *Jackson v. Lady*, 140 Ark. 512, 523, 216 S.W. 505, 508 (1919). These cases, however, predate the codification of section 16-22-308 and are not controlling on the issue of the availability of attorney's fees.

The statute permits attorney's fees in foreclosure actions, *see, e.g.*, *Hudson v. Hilo*, 88 Ark. App. 317, 198 S.W.3d 569 (2004), and in actions involving oil-and-gas leases, *see, e.g.*, *Sunbelt Exploration Co. v. Stephens Prod. Co.*, 320 Ark. 298, 896 S.W.2d. 867 (1995). We also acknowledge that the fees are permitted when a breach-of-contract action seeks equitable remedies such as specific performance. *See, e.g.*, *Childs v. Adams*, 322 Ark. 424, 909 S.W.2d 641 (1995). But this court has stated that the statute does not authorize fees when the claim merely has some connection to a contract. *See, e.g.*, *City of Little Rock v. Hudson*, 366 Ark. 415, 236 S.W.3d 509 (2006).

George maintains that section 16–22–308 is inapplicable because a breach-of-contract claim was not asserted. We agree with his contention for the following two reasons. First, this court looks to George's complaint as a whole and concludes that the litigation between the parties does not concern a breach of a contract between George and Mason. Moreover, the case at bar was not based on contract at all; instead, the complaint alleged a quiet-title action. We look to the pleadings to determine the nature of the claim. *See, e.g.*, *L.L. Cole & Son, Inc. v. Hickman*, 282 Ark. 6, 665 S.W.2d 278 (1984). Here, George, in his motion to dismiss Mason's amended petition to quiet title, uses terms such as "failure of consideration" and "breach of a condition imposed by the warranty deed," but these terms do not determine the nature of the lawsuit. Mason's amended petition to quiet title asserted a statutory claim to set aside a quitclaim deed and to quiet title in the farmland. The quiet-title statutes do not authorize attorney's fees. *See* Ark. Code Ann. §§ 18–60–501 to –505 (Repl. 2015). In the absence of statutory authority, attorney's fees are not available. *See Harper v. Wheatley*

*Implement Co.*, 278 Ark. 27, 643 S.W.2d 537 (1982); *Romer v. Leyner*, 224 Ark. 884, 277 S.W.2d 66 (1955).

Second, Mason's prayer for relief included a monetary claim based on unjust enrichment. Quantum meruit is a claim for unjust enrichment that does not involve the enforcement of contract. *Sisson v. Ragland*, 294 Ark. 629, 745 S.W.2d 620 (1988). There can be no unjust enrichment in contract cases. *Lowell Perkins Agency, Inc. v. Jacobs*, 250 Ark. 952, 469 S.W.2d 89 (1971). Unjust enrichment is a quasi-contract claim. *See, e.g., Sparks Reg'l Med. Ctr. v. Blatt*, 55 Ark. App. 311, 935 S.W.2d 304 (1996). Courts of foreign jurisdictions have allowed the recovery of attorney's fees by applying the legal fictions of implied contract and quasi-contract, but this has "never been allowed in Arkansas." *See Med. Liab. Mut. Ins. Co. v. Alan Curtis Enter., Inc.*, 373 Ark. 525, 527, 285 S.W.3d 233, 235 (2008). Because Mason asserted an unjust-enrichment claim, he is not entitled to attorney's fees. Therefore, we conclude that in this case attorney's fees are not authorized by section 16-22-308. Accordingly, we reverse the circuit court's order granting Mason's request for fees.

Affirmed in part; reversed in part.

DANIELSON and WOOD, JJ., concur in part; dissent in part.

HART, J., dissents.

**PAUL E. DANIELSON, Justice, concurring in part and dissenting in part.** I agree with the majority's holdings on all of the points on appeal with the exception of its decision that the circuit court erred in awarding attorney's fees to Mason. The decision to

award attorney's fees and the amount to award is discretionary and will be reversed only if the appellant can demonstrate that the circuit court abused its considerable discretion. *Harrill & Sutter, P.L.L.C. v. Kosin*, 2012 Ark. 385, 424 S.W.3d 272.

This court has stated many times that a deed is considered a contract. *See Schnitt v. McKellar*, 244 Ark. 377, 427 S.W.2d 202 (1968); *Black v. Been*, 230 Ark. 526, 323 S.W.2d 545 (1959); *Davis v. Collins*, 219 Ark. 948, 245 S.W.2d 571 (1952); *Jackson v. Lady*, 140 Ark. 512, 216 S.W. 505 (1919). The majority states that these cases are no longer controlling because they predate the codification of Arkansas Code Annotated section 16–22–308 (Repl. 1999). This is simply not the case. Section 16–22–308 permits an award of fees to a prevailing party in certain actions, including breach of contract. The codification of section 16–22–308 did not change our case law that a deed is a contract, and the majority should not change it here.

Moreover, since the codification of the statute, the Arkansas Court of Appeals has acknowledged our well-established case law that says a deed is a contract and has applied it in the context of awarding attorney's fees under section 16-22-308. *See Lawrence v. Barnes*, 2010 Ark. App. 231, at 13, 374 S.W.3d 224, 232 ("Deeds are contracts in Arkansas."); *Murchie v. Hinton*, 41 Ark. App. 84, 88, 848 S.W.2d 436, 438 (1993) ("A warranty deed should be considered a contract between a grantor and his grantee who has accepted it."). By holding that our case law is no longer controlling because it predates section 16–22–308, the majority is essentially overruling all case law regarding contracts prior to the codification of the statute.

Throughout this case, George has made the claim that this action is based on an oral contract between him and Mason that was not integrated into the 1999 warranty deed.

George argues in his appeal brief that there was an "oral agreement" between George and Mason that George could take back the property at any time. In his counterclaim, George stated,

> 9.    The Petition's allegations are repugnant to, and in irreconcilable conflict with, the parties' original agreement, or the conditions, promises or consideration required by [George] prior to executing the original Warranty Deed. Accordingly, the Warranty Deed should be cancelled or set aside due to failure of consideration.

George stated in his motion to dismiss that Mason's petition "shows a failure of consideration for the original Warranty Deed, or *the breach of a condition imposed by the Warranty Deed.*" (Emphasis added.)

Furthermore, in his brief in support of his response to Mason's motion for summary judgment, George very clearly acknowledged that this matter is based on a breach of contract, stating,

> Plaintiffs should be estopped from breaching, through the allegations of their Petition, the farm manager arrangement they accepted prior to Defendant's execution of the 1999 Warranty Deed.

In his brief in support of his response to Mason's amended motion for summary judgment, George set forth his argument that he should be able to use parol evidence, stating,

> Evidence of a parol agreement that a written agreement (in this case, the 1999 deed) is being conditionally delivered constitutes an exception to the parol evidence rule. . . . Where an oral agreement has been acted upon and rights have accrued under it, the subsequent receipt of a written contract (the deed) varying from the oral agreement does not prevent proof of the oral agreement.

Moreover, at the summary judgment hearing, George's attorney argued that, under the parol–evidence rule, the 1999 deed was a "smaller part of a larger agreement."

George has consistently made the claim that this action is based on a contract and does not "merely [have] some connection to a contract" as stated by the majority. George not only admits that the 1999 deed itself is a contract; he acknowledges that the claims he makes are based on an oral contract. He does not make the assertion that the case is solely a quiet-title action until he reaches the issue of attorney's fees.

Mason successfully asserted and defended his title to the farmland. While Mason received equitable relief when the court set aside the quitclaim deed and denied George's request to set aside the 1999 warranty deed to the farmland, the suit was clearly based in contract. Mason defended his title against George's claim that Mason breached an oral contract that was not included in the 1999 warranty deed. Because the record is clear that the suit was based in contract, I cannot say that the circuit court abused its discretion in awarding Mason attorney's fees. Accordingly, I would affirm the circuit court on all points.

WOOD, J., joins.

**JOSEPHINE LINKER HART, Justice, dissenting.** The majority erroneously concludes that the circuit court properly refused to consider the parol evidence relating to the purported delivery of the 1999 warranty deed. Further, the majority errs in concluding that there were no genuine issues of material fact regarding whether the power of attorney given in 2000 to George M. Stokes, Sr., by Mason F. Stokes was revoked in 2007 or whether the power of attorney authorized George to execute the quitclaim deed. Thus, I respectfully dissent.

As the majority notes, in the order granting partial summary judgment, the circuit

15

SLIP OPINION

court stated that the claims regarding George's delivery of the 1999 warranty deed would be tried at the bench trial. The circuit court, however, further stated the 1999 warranty deed was unambiguous and not subject to parol evidence as to its meaning. Thus, while acknowledging in the order that there were issues to be tried relating to the delivery of the 1999 warranty deed, the circuit court nevertheless precluded the admissibility of the evidence relating to its purported delivery. In *Crowder v. Crowder*, 303 Ark. 562, 564, 798 S.W.2d 425, 426 (1990), this court stated that a deed is inoperative unless there has been a delivery to the grantee, and in order to constitute delivery it must be the intention of the grantor to pass title immediately and that the grantor lose dominion over the deed. While acknowledging that the recording of a duly executed and acknowledged deed, as well as its being found in the possession of the grantee, raised the presumption of delivery, "this presumption is not conclusively established when there is proof of other factors pertaining to the deed which may rebut the presumption." *Id.*, 798 S.W.2d at 426. At trial, George testified that he intended to continue his ownership of the property at the time he signed the 1999 warranty deed, and because he wanted to be sure he was able to take back the real property, he filed the warranty deed only after he obtained the power of attorney in 2000. The court, in its order dismissing George's claim to set aside the warranty deed, however, stated that "[w]hat [George] intended to do, and why he did it is . . . irrelevant." Given the holding in *Crowder*, the circuit court should have considered testimony regarding the facts surrounding the purported delivery of the deed.

Further, the majority errs in affirming the circuit court's conclusion that there were no genuine issues of material fact to be decided on whether the 2009 quitclaim deed was void

16

and of no effect. George executed the 2009 deed pursuant to the power of attorney given by Mason. As stated in the 2000 power of attorney, it could be revoked by "written notification of the revocation, which notice shall not be considered binding unless actually received." In his deposition testimony, George testified that he was unaware of Mason's attempt to revoke the power of attorney until 2010. Thus, a question of fact remained regarding whether Mason gave George written notice of the purported revocation in 2007. Also, a question of fact remained regarding whether George could properly deed the property back to himself under the power of attorney. The majority overlooks this latter point by asserting that a person holding a power of attorney has a fiduciary duty to the principal. While that is a correct statement of the law, it does not take into consideration that, according to George's deposition testimony, the power of attorney was given to him in part to allow him to deed the property back to himself. Given George's deposition testimony, a question of fact remained regarding whether his execution of the 2009 quitclaim deed was within the powers granted by the power of attorney. Thus, there remained genuine issues of material fact to be determined. I would reverse and remand for a new trial.

*Bridges, Young, Matthews & Drake PLC*, by: *John P. Talbot*, for appellant.

*Hashem Law Firm, PLC*, by: *Hani W. Hashem*, for appellee.