Paul E. Danielson, Justice, concurring in part and dissenting in part. I agree with the majority’s holdings on all of the points on appeal with the exception of its decision that the circuit court erred in awarding attorney’s fees to Mason. The decision to |13award attorney’s fees and the amount to award is discretionary and will be reversed only if the appellant can' demonstrate that the circuit court abused its considerable discretion. Harnil & Sutter, P.L.L.C. v. Kosin, 2012 Ark. 385, 424 S.W.3d 272. This court has stated many times that a deed is considered a contract. See Schnitt v. McKellar, 244 Ark. 377, 427 S.W.2d 202 (1968); Black v. Been, 230 Ark. 526, 323 S.W.2d 545 (1959); Davis v. Collins, 219 Ark. 948, 245 S.W.2d 571 (1952); Jackson v. Lady, 140 Ark. 512, 216 S.W. 505 (1919). The majority states that these cases are no longer controlling because they predate the codification of Arkansas Code Annotated section 16-22-308 (Repl. 1999). This is simply not the case. Section 16-22-308 permits an award of fees to a prevailing party in certain actions, including breach of contract. The codification of section 16-22-308 did not change our case law that a deed is á contract, and the majority, should not change it here. Moreover, since the codification of the statute, the Arkansas Court of Appeals has acknowledged our well-established- case law that says a deed is a contract and has applied it in the context of awarding attorney’s fees under section 16-22-308, See Lawrence v. Barnes, 2010 Ark. App. 231, at 13, 374 S.W.3d 224, 232 (“Deeds are contracts in Arkansas.”); Murchie v. Hinton, 41 Ark. App. 84, 88, 848 S.W.2d 436, 438 (1993) (“A warranty deed should be considered a contract between a grantor and his grantee who has accepted it.”). By holding that our case law is no longer controlling because it predates section 16-22-308, the majority is essentially overruling all case law regarding contracts prior to the codification of the statute. Throúghout this case, George has made the claim that this action is based on an oral contract between him and Mason that was not integrated into the 1999 warranty deed. | ^George argues in his appeal brief that there was an “oral agreement” between George and Mason that George could take back the property at any time. In his counterclaim, George stated, 9. The Petition’s allegations are repugnant to, and in irreconcilable conflict ■ with, the parties’ original agreement, or the conditions, promises or consideration required by [George] pri- or to executing the original Warranty Deed. Accordingly, the Warranty Deed should be cancelled or set aside due to failure of consideration. George stated in his motion to dismiss that Mason’s petition “shows a failure of consideration for the oiiginal Warranty Deed, or the breach of a condition imposed by the Warranty Deed.” (Emphasis addedl) Furthermore, in his brief in support of his response to Mason’s motion for summary judgment, George very clearly acknowledged that this matter is based on a breach of contract, stating, Plaintiffs should be estopped from -breaching, through the allegations of their Petition, the farm manager arrangement they accepted prior to Defendant’s execution of the 1999 Warranty Deed. In his brief in support of his response to Mason’s amended motion for summary-judgment, George set forth his argument that he should be able to use parol evidence, stating, Evidence of a parol agreement that a written agreement (in this case, the 1999 deed) is being conditionally' delivered constitutes an exception to the parol evidence rule_ Wheré an oral agreement has been acted upon and rights have accrued under it, the subsequent receipt of a written contract (the deed) varying from the oral agreement does not prevent proof of the oral agreement. Moreover, at the summary judgment hearing, George’s attorney argued that,' under the parol-evidence rule, the 1999 deed was a “smaller part of a larger agreement.” | ^George has consistently made the claim that this action is based on a contract and does not “merely [have] some connection to a contract” as stated by the majority. George not only admits that the 1999 deed itself is a contract; he acknowledges that the claims he makes are based on an oral contract. He does not make the assertion that the case is solely a quiet-title action until he reaches the issue of attorney’s fees. Mason successfully asserted and defended his title to the farmland. While Mason received equitable relief when the court set aside the quitclaim deed and denied George’s request to set aside the 1999 warranty deed to -the farmland, the suit was clearly based in contract. Mason defended his title against George’s claim that Mason breached an oral contract that was not included in the 1999 warranty deed. Because the record is clear that the suit was based in contract, I cannot say that the circuit court abused its discretion in awarding Mason attorney’s fees. Accordingly, -I would affirm the circuit court on all points. ■ Wood, J-., joins.