
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–15–1068

| | |
|---|---|
| KENNETH W. TILLEY, INDIVIDUALLY AND AS TRUSTEE OF THE KENNETH TILLEY FAMILY TRUST<br>                APPELLANT<br><br>V.<br><br>MALVERN NATIONAL BANK AND STEPHEN MOORE<br>                APPELLEES | **Opinion Delivered:** March 1, 2017<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CV-11-1194]<br><br>HONORABLE JOHN HOMER WRIGHT, JUDGE<br><br>AFFIRMED |

## KENNETH S. HIXSON, Judge

This appeal arises out of litigation that began as a foreclosure proceeding. Appellant Kenneth W. Tilley, individually and as trustee of the Kenneth Tilley Family Trust (Tilley), was a borrower on a loan from appellee Malvern National Bank (MNB). Appellee Stephen Moore (Moore) was vice president of commercial lending at MNB during most of the time relevant to the case. MNB filed a foreclosure action against Tilley, and he responded by denying the allegations and filing a counterclaim against MNB and a third-party complaint against Moore. Tilley demanded a jury trial, but the circuit court ultimately struck his demand. After a bench trial, the circuit court ruled in favor of MNB and Moore on all claims. Tilley appeals and asks our court to hold that (1) the circuit court erred by striking his demand for jury trial and (2) the circuit court abused its discretion by refusing to admit evidence of his future lost profits. We affirm.

I.     *Background*

In July 2010, Tilley and MNB entered into a loan agreement.  The loan agreement included a jury-waiver clause in the event of a dispute between the parties.  Tilley executed a promissory note in favor of MNB with a principal balance of $221,000.  The note was secured through a mortgage on certain real property in Garland County, Arkansas.  Tilley defaulted on the loan.  MNB accelerated the note and filed its complaint in foreclosure against Tilley in November 2011.  Tilley answered the complaint, asserted affirmative defenses, reserved the right to file one or more counterclaims, and demanded a jury trial.

In October 2012, Tilley filed a counterclaim against MNB and a third-party complaint against Moore.  The essence of Tilley's counterclaim and third-party complaint is that Moore, acting on behalf of MNB, promised to loan him $350,000 so that he could fund two development projects.  The $350,000 loan was never made to Tilley.  For reasons unrelated to this litigation, Moore resigned from his position at MNB.  Following Moore's resignation, Tilley entered into further negotiations with other representatives from MNB, resulting in Tilley and MNB entering into the $221,000 loan agreement instead of the $350,000 loan Tilley had originally requested and MNB had allegedly agreed on.  Tilley alleged that MNB's failure to fulfill the promise to loan him $350,000 caused him to default on the $221,000 loan.  Tilley sued for breach of contract, promissory estoppel, violations of the Arkansas Deceptive Trade Practices Act, tortious interference, negligence, and fraud and demanded a jury trial.

The circuit court set the case for a jury trial.  Shortly thereafter, MNB and Moore filed a motion to strike Tilley's jury-trial demand. Generally, they argued that Tilley was

not entitled to a jury trial because (1) a foreclosure claim and all claims essential to the foreclosure proceeding should be tried to the court rather than a jury and (2) Tilley had waived his right to a jury trial in the loan agreement with MNB.[1]  Tilley responded by arguing that he was entitled to a jury trial because his claims were claims at law and because his waiver of his right to a jury trial in the loan agreement was not knowing and voluntary. The circuit court struck Tilley's jury demand, and the parties proceeded to a bench trial.

Following the bench trial, the circuit court ruled in favor of MNB on its foreclosure claim and against Tilley on his counterclaim and third-party complaint.  The circuit court entered its findings of fact and conclusions of law and then entered a judgment and decree of foreclosure.  Following the entry of these orders, Tilley filed a motion for new trial that was deemed denied.  Tilley timely appealed arguing that (1) the circuit court erred by striking his jury-trial demand and (2) the circuit court abused its discretion by refusing to allow him to introduce evidence of his future lost profits.

II.     *Entitlement to a Jury Trial*[2]

Whether a party is entitled to a jury trial is a legal issue centered on constitutional interpretation, reviewable de novo on appeal.  *Ludwig v. Bella Casa, LLC*, 2010 Ark. 435,

---

[1]MNB and Moore attached a copy of the loan agreement that included the jury-waiver clause to their motion to strike.

[2]As a threshold issue, MNB and Moore contend that Tilley failed to preserve the issues relating to his right to a jury trial.  They argue that Tilley was required to appeal from the order striking his jury demand pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(4).  We disagree.  Our supreme court in *Liberty Life Ins. Co. v. McQueen* addressed this precise issue and held that a party may not bring an interlocutory appeal from the denial of a jury demand.  364 Ark. 367, 219 S.W.3d 172 (2005).

SLIP OPINION

372 S.W.3d 792. This court is not bound by the decision of the circuit court. *First Nat'l Bank of DeWitt v. Cruthis*, 360 Ark. 528, 203 S.W.3d 88 (2005).

In support of his contention that he was entitled to have his counterclaim and third-party complaint decided by a jury, Tilley asserts that (1) he had a constitutional right to a jury trial on his claims; (2) the jury-waiver clause in his loan agreement with MNB was unenforceable as a matter of law; (3) MNB and Moore waived their right to enforce the jury-waiver provision; (4) his waiver was unenforceable because it was not knowingly and voluntarily made; and (5) the jury-waiver clause does not apply to his third-party claims against Moore.

## A. The Constitutional Right to a Jury Trial

Tilley contends that he had a constitutional right to a jury trial on his claims, and this issue involves a question of whether the circuit court erred in trying his claims as a bench trial. It implicates amendment 80 to the Arkansas Constitution. Amendment 80 only merged the chancery and circuit courts and did not alter or expand a party's right to a jury trial. *First Nat'l Bank of DeWitts*, 360 Ark. 528, 203 S.W.3d 88. With this merger, circuit courts simply added to their existing jurisdiction as a court of law the equitable jurisdiction which the chancery courts held prior to adoption of the amendment. *Id*. at 533, 203 S.W.3d at 91–92.

It is a long-standing rule that the right to a jury trial does not extend to foreclosure proceedings. *Riggin v. Dierdorff*, 302 Ark. 517, 519, 790 S.W.2d 897, 898 (1990). Accordingly, it is clear that the circuit court was required to decide MNB's foreclosure claim without a jury. MNB and Moore argue that Tilley's claims must also be tried by a court of

equity pursuant to the clean-up doctrine. We disagree. "Since Amendment 80 was enacted, the clean-up doctrine has disappeared because any circuit court now has subject-matter jurisdiction to hear all justiciable matters not assigned elsewhere, and it has the power to grant all remedies to the parties before it." *Stokes v. Stokes*, 2016 Ark. 182, 41 S.W.3d 113.

With this in mind, we turn our attention to the standard by which Tilley's counterclaim and third-party complaint must be evaluated. In determining whether a particular claim may properly be submitted to a jury, courts must review the historical nature of the claims to determine whether they must be submitted to a judge as equitable matters or whether they may be submitted to a jury as legal matters. *Nat'l Bank of Ark. v. River Crossing Partners, LLC*, 2011 Ark. 475, 385 S.W.3d 754. Courts should also look to the remedies sought in the complaint when determining whether a trial by jury is warranted. *Stokes*, *supra*.

Tilley's counterclaim and third-party complaint included causes of action for breach of contract, promissory estoppel, violations of the ADTPA, tortious interference, negligence, and fraud; he sought money damages on each of his claims. In reviewing the historical nature of these claims and the remedy sought, we conclude that Tilley's claims are legal in nature. We hold that the circuit court erred in finding that Tilley did not have a constitutional right to a jury trial on his historically legal claims. With this determination reached, we direct our attention to whether the circuit court erred in striking Tilley's jury demand pursuant to the jury-waiver clause in the loan agreement.

## B. The Jury-Waiver Clause

MNB and Moore successfully argued to the circuit court that the jury-waiver clause in the loan agreement precluded a trial by jury. For reference, the jury-waiver clause provides:

> Each party to this Agreement hereby expressly waives any right to trial by jury of any claim, demand, action or cause of action (1) arising under this Agreement or any other instrument, document or agreement executed or delivered in connection herewith, or (2) in any way connected with or incidental to the dealings of the parties hereto or any of them with respect to this Agreement or any other instrument, document or agreement executed or delivered in connection herewith, or the transactions related hereto or thereto, in each case . . . whether sounding in contract or tort or otherwise, and each party hereby agrees and consents that any such claim, demand, action or cause of action shall be decided by court trial without a jury.

First, we dispose of two of Tilley's arguments in support of reversal that are not preserved for our review. Tilley argues that MNB and Moore waived their right to enforce the jury-waiver provision in the loan agreement by filing their motion too late in the proceedings. Tilley makes this argument for the first time on appeal, and it is well settled that appellate courts will not consider arguments made for the first time on appeal. *Brown v. Lee*, 2012 Ark. 417, 424 S.W.3d 817. We summarily dispose of this point on appeal.

Additionally, Tilley claims that, if held enforceable, the jury-waiver clause bars his right to a jury trial only against MNB—not Moore. Tilley failed to develop this argument before the circuit court, and where an argument is not fully developed at the trial level or on appeal, it is not preserved for review. *Omni Holding & Dev. Corp. v. 3D.S.A., Inc.*, 356 Ark. 440, 156 S.W.3d 228 (2004). Accordingly, we affirm on this point as well.

With these conclusions reached, we turn to whether predispute contractual waivers of the right to a jury trial are unenforceable under Arkansas law. Tilley argues our

constitution provides that "[t]he right of trial by jury shall remain inviolate, and shall extend to all cases at law . . ." *See* Ark. Const. art. 2, § 7. However, that same section concludes with the proviso: "[*B*]*ut a jury trial may be waived by the parties in all cases in the manner prescribed by law.*" *Id.* (emphasis added). Hence, while our constitution clearly emphasizes the fundamental right to a jury, it also contemplates that the right may be waived.

In Arkansas, "[p]arties to a contract are free to contract upon any terms not contrary to public policy or the terms of our statutes." *Pest Mgmt., Inc. v. Langer*, 369 Ark. 52, 58, 250 S.W.3d 550, 556 (2007). Arkansas allows parties to enter into contracts that control the manner in which their disputes are resolved. Parties may choose the forum in which their case will be heard and the law that will govern their case, and they may even choose to forego the civil justice system and submit to arbitration. *See, e.g.*, *Servewell Plumbing, Inc. v. Summit Contractors, Inc.*, 362 Ark. 598, 210 S.W.3d 101 (2005); *Evans v. Harry Robinson Pontiac-Buick, Inc.*, 336 Ark. 155, 983 S.W.2d 946 (1999); *Pest Mgmt., Inc.*, *supra.* Because parties are free to enter into contracts that are not contrary to our state's public policy, and our constitution itself provides that parties may waive their right to a jury trial, we hold that predispute contractual waivers of the right to a jury trial—such as the one executed by Tilley—may be enforceable. They are particularly enforceable when the waiver is entered into knowingly and voluntarily.

To that end, Tilley argues that the circuit court erred in striking his jury-trial demand because he did not knowingly and voluntarily waive his right to a jury trial. When considering whether this jury-waiver clause is valid, we refer to the general rules of construction and interpretation of contracts. We acknowledge this as our standard and note

that this is the manner by which other somewhat novel contractual issues—for instance, arbitration—have been evaluated by our courts. *See Alltel Corp. v. Sumner*, 360 Ark. 573, 203 S.W.3d 77 (2005).

As a preliminary matter, it is a matter of basic contract law that contracts must be entered into knowingly and voluntarily. The essential elements of a contract are (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligation. *City of Dardanelle v. City of Russellville*, 372 Ark. 486, 277 S.W.3d 562 (2008).

Our law provides that if a person signs a document, he or she is bound to know the contents of that document. *Banks v. Evans*, 347 Ark. 383, 64 S.W.3d 746 (2002). The fact that a person signed a contract is evidence of his or her knowledge of the contract. *Carmichael v. Nationwide Life Ins. Co.*, 305 Ark. 549, 552, 810 S.W.2d 39, 41 (1991).

Here, MNB and Moore attached a copy of the signed loan agreement, which contained the jury-waiver clause, to their motion to strike. Pursuant to Arkansas law, Tilley was bound to know the contents of the agreement. Similarly, our law presumes that this contract was entered into voluntarily; generally, the party attacking voluntariness must allege and prove otherwise. *Bank of the Ozarks, Inc. v. Walker*, 2014 Ark. 223, 434 S.W.3d 357. Tilley attempts in his affidavit challenging the motion to strike to show that he signed this contract under duress. However, he offered only the conclusory statement that he was under duress, and this is insufficient evidence of any alleged involuntariness. *Robson v. Tinnin*, 322 Ark. 605, 411 S.W.2d 246 (1995). Accordingly, we conclude that the jury-waiver clause in the loan agreement was enforceable, and we hold that the circuit court

properly granted the motion to strike Tilley's jury-trial demand on these grounds. Because of our holding on this issue, MNB and Moore were entitled to have the entire case heard as a bench trial, regardless of whether Tilley's claims were legal or equitable in nature.

### III.     *Evidence of Lost Future Profits*

For his final point on appeal, Tilley argues that the circuit court abused its discretion by applying the new-business rule and refusing to allow him to introduce evidence of future lost profits. However, Tilley concedes in his reply brief that his argument is moot unless we reverse the circuit court's order striking his jury demand. Because we affirm the circuit court's decision in this respect, we do not address his final point on appeal.

Affirmed.

HARRISON and BROWN, JJ., agree.

*Eichenbaum Liles, P.A.*, by: *James H. Penick III*, for appellant.

*Wright, Lindsey & Jennings LLP*, by: *Charles T. Coleman*, *Adrienne L. Baker*, and *Kristen S. Moyers*, for appellees.