SLIP OPINION

Cite as 2017 Ark. App. 609

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–17–305

|  |  |
|---|---|
| R.E.C. ENTERPRISES, LLC D/B/A STAN EXCAVATING CO.  APPELLANT  V.  GAILLARD BUILDERS, INC.  APPELLEE | **Opinion Delivered:** November 8, 2017  APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CV–15–73]  HONORABLE CARLTON D. JONES, JUDGE  REBRIEFING ORDERED; MOTION TO DISMISS APPEAL DENIED |

## MIKE MURPHY, Judge

Appellant, R.E.C. Enterprises, LLC, d/b/a Stan Excavating Company, appeals from a declaratory judgment entered by the Miller County Circuit Court on January 23, 2017. The judgment (1) awarded appellee, Gaillard Builders, Inc., declaratory relief relating to appellant's failure to timely foreclose a purported mechanic's and materialmen's lien; (2) granted appellee's motion to compel arbitration; and (3) dismissed appellant's counterclaim. On appeal, appellant argues that the circuit court erred (1) in dismissing appellant's counterclaim; (2) in failing to make a finding that a valid arbitration agreement existed; (3) in not finding that the valid arbitration agreement lacked mutuality of obligation; and (4) in not finding that appellee had not waived the arbitration agreement. After the appeal had been filed, appellee filed a motion to dismiss this appeal. The motion was passed to the panel

to be heard on submission. We order rebriefing and deny appellee's motion to dismiss the appeal.

We first address appellee's motion to dismiss appellant's appeal. Appellee argues that the appeal must be dismissed because appeals are not permitted from orders that compel arbitration under Arkansas Rule of Appellate Procedure–Civil 2(a)(12) and that appellant's argument is not preserved for appeal. However, after reviewing the record and considering appellee's arguments, we conclude that we have jurisdiction over this appeal because appellant appeals from a final order. *See* Ark. R. App. P.–Civ. 2(a)(1). Alternatively, appellee argues that we should dismiss the appeal because appellant failed to preserve an argument. However, we summarily affirm if an argument is not preserved; we do not dismiss for lack of jurisdiction. *See generally Tilley v. Malvern Nat'l Bank*, 2017 Ark. App. 127, at 6, 515 S.W.3d 636, 641. Thus, we deny appellee's motion.

We now turn to appellant's arguments. In reviewing appellant's brief and the record, we have found that it is not abstracted in accordance with our rules. Arkansas Supreme Court Rule 4-2(a)(5) (2016) provides that the appellant shall create an abstract of the material parts of all the transcripts in the record. Information in a transcript is considered "material" if the information is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. *Id.* The procedure to be followed when an appellant has submitted an insufficient abstract or addendum is set forth in Arkansas Supreme Court Rule 4–2(b)(3):

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or addendum, the court may address the question at any time. If the court finds the abstract or addendum to be deficient such that the court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the

disposition of the appeal, the court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the rule.

Here, the record included a twenty-five-page transcript that composed of testimony of the parties as well as colloquy with the court. Appellant's two-page abstract contained only a few select statements made by appellee. Because appellant has failed to comply with our rules, we order appellant to file a substituted brief that complies with our rules, within fifteen days from the date of entry of this order. Upon the filing of such a substituted brief, appellee will be afforded an opportunity to revise or supplement its brief in the time prescribed by the clerk. *Id.* We further encourage appellate counsel, prior to filing the substituted brief, to review our rules and the appellant's substituted brief to ensure that no additional deficiencies are present.

Rebriefing ordered; motion to dismiss appeal denied.

GRUBER, C.J., and HIXSON, J., agree.

*Craig L. Henry*, for appellant.

*Steel, Wright, Gray & Hutchinson, PLLC*, by: *Alex T. Gray*, for appellee.