SLIP OPINION


# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–17–296

| | | |
|---|---|---|
| BRIAN RAY CROSS | **APPELLANT** | **Opinion Delivered:** November 29, 2017 |
| V. | | APPEAL FROM THE NEWTON COUNTY CIRCUIT COURT [NO. 51CR-16-4] |
| STATE OF ARKANSAS | **APPELLEE** | HONORABLE GORDON WEBB, JUDGE |
| | | AFFIRMED |

## MIKE MURPHY, Judge

Appellant Brian Cross was charged with ten counts of sexual indecency with a child and one count of sexual assault in the second degree. The circuit court granted a directed verdict in favor of appellant as to the ten counts of sexual indecency, and a Newton County jury convicted appellant of sexual assault in the second degree in violation of Arkansas Code Annotated section 5-14-125. The jury sentenced him to eighteen years' imprisonment in the Arkansas Department of Correction. On appeal, appellant contends that the circuit court failed to instruct the jury to disregard all testimony heard in relation to his sexual–indecency charges because it was irrelevant and prejudicial. We affirm.

Autumn Cross, appellant's ex-wife, testified that she married appellant in February 2015. She explained that the inappropriate sexual activity between her and her husband in front of her children began shortly after the marriage in April. She revealed that appellant

would expose his genitals to his minor step children (seven-year-old female and twin two-year-old females) and that appellant inappropriately touched the seven-year-old's genitals, buttocks, and breasts. Autumn testified that she performed oral sex on appellant in front of the children approximately eight times. She stated that in August 2015, she moved to Texas with her three girls. There, Autumn spoke with a counselor and voluntarily confessed about the past sexual behavior. As a result, law enforcement and child-protective services became involved. Autumn pleaded guilty to indecency with a child as appellant's accomplice.

The sexual-assault victim, Autumn's seven-year-old daughter, testified that appellant would touch her inappropriately when they lived together in Arkansas. After her testimony, appellant moved for a directed verdict as to both the sexual-indecency charges and the sexual-assault charge. The court granted the motion for directed verdict as to the sexual-indecency charges because Autumn was the State's only witness to those charges, and she had already pled guilty to the indecency charges as an accomplice.[1] The circuit court did not grant a directed verdict on the sexual-assault charge, citing that the testimony of the victim was sufficient to establish the elements of the case.

After the court had partially granted the motion for directed verdict, the defense did not call any additional witnesses and renewed the motion for directed verdict on the remaining sexual-assault count. The circuit court again denied the motion. Thereafter, the jury sentenced him to eighteen years' imprisonment. This timely appeal followed.

---

[1]According to Ark. Code Ann. § 16-89-111 (Supp. 2017), a defendant cannot be found guilty of a felony based on the uncorroborated testimony of an accomplice.

On appeal, appellant argues that Autumn's testimony was no longer relevant once the circuit court granted the motion for directed verdict on the sexual-indecency charges. He asserts that the circuit court failed to instruct the jury to disregard her testimony as irrelevant and prejudicial as to the remaining sexual-assault charge. Appellant failed to request this instruction and failed to raise this issue below. Our law is well settled that appellate courts will not consider arguments made for the first time on appeal. *Tilley v. Malvern Nat'l Bank*, 2017 Ark. App. 127, at 6, 515 S.W.3d 636, 641. As such, appellant's argument is not preserved for our review, and we must affirm.

Affirmed.

ABRAMSON and BROWN, JJ., agree.

*Downum Law Office*, by: *Justin E. Downum* and *Robert T. Ballard*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.